**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Marianne T. O'Toole, as Chapter 7 Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Holly R. Holecek, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------X
In re:                                                                  Chapter 7

DULYN GROUP, INC.,                                          Case No.: 23-22002-shl

                Debtor.
----------------------------------------------------X

**MOTION OF THE CHAPTER 7 TRUSTEE FOR AN ORDER: (I) DIRECTING THE IMMEDIATE TURNOVER OF POSSESSION OF THE DEBTOR'S REAL PROPERTY TO THE TRUSTEE; AND (II) GRANTING RELATED RELIEF**

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE

      Marianne T. O'Toole, as Chapter 7 Trustee ("Trustee") of the estate of Dulyn Group, Inc. ("Debtor"), by her undersigned counsel, seeks entry of an Order, pursuant to sections 105, 521, 541 and 542 of title 11 of the United States Code ("Bankruptcy Code") and Rule 9014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"): (i) directing the immediate turnover of possession of the Debtor's real property located at 170-174 Stevens Avenue, Mount Vernon, New York 10550 ("Property"); and (ii) granting the Trustee such other and further relief as the Court may deem just and proper, and respectfully represents and alleges:

**JURISDICTION AND VENUE**

      1.      This Court has jurisdiction over this case and this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

      2.      Venue of this case and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory predicates for the relief requested in this Motion include sections 105, 521, 541 and 542 of the Bankruptcy Code, and Bankruptcy Rule 9014.

## BACKGROUND

4.  On January 4, 2023, an involuntary Chapter 7 petition was filed against the Debtor by Mester Funding Group I, LLC, David Gordon, and Austin Smith (collectively, "Petitioning Creditors"). See ECF No. 1.

5.  On January 4, 2023, the Summons to Debtor in Involuntary Case and involuntary petition were served on the Debtor. See ECF No. 3.

6.  The Debtor neither consented to an Order for Relief nor filed an answer or motion pursuant to Rule 1011(b) of the Federal Rules of Bankruptcy Procedure.

7.  On February 24, 2023, the Court entered an Order for Relief and Order to File Schedules and Other Documents. See ECF No. 4 ("Order for Relief"). Pursuant to the Order for Relief, the Debtor was required to file all schedules, statements, lists or other documents that are required under the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules within fourteen days from the entry of the Order for Relief, i.e., by March 10, 2023. See id. Notice of the Order for Relief was served by first class mail on, among others, the Debtor on February 26, 2023. See ECF No. 6.

8.  On February 24, 2023, Marianne T. O'Toole was appointed as Chapter 7 Trustee of the Debtor's estate and, by operation of law, Marianne T. O'Toole became the permanent Chapter 7 Trustee of the Debtor's estate.

9.  According to the New York State Department of State, Division of Corporations, the post office address to which the Secretary of State shall mail a copy of any process against the Debtor is Daniel Naughton, 1583 Irving Street, Baldwin, New York 11510. See

https://apps.dos.ny.gov/publicInquiry/EntityDisplay (last accessed January 26, 2024).

10. By letter dated February 24, 2023 ("February 24 Letter"), the Trustee requested documents and information relating to the Debtor's financial affairs be turned over to the Trustee by no later than March 3, 2023. The Debtor did not turn over any of the documents or information by the March 3, 2023 deadline.

**A.     The Trustee's Motion to Compel**

11. By motion dated March 22, 2023 ("Motion to Compel"), the Trustee sought entry of an Order compelling the Debtor to comply with the Order for Relief, directing the Debtor to turn over certain books and records to the Trustee, and granting related relief. See ECF No. 9. Notice of the Motion to Compel was served by FedEx overnight delivery and first class mail on, among others, the Debtor, its principal, Daniel Naughton, at the address for service of process per the Department of State, and its known counsel on March 22, 2023. See ECF No. 11 (Affidavit of Service). Objections to the Motion to Compel were due by 5:00 p.m. on April 12, 2023. See ECF No. 9. The docket confirms that none were filed with the Court.

12. On April 19, 2023, the Court conducted a hearing on the Motion to Compel. No one appeared at the hearing on behalf of the Debtor. Based on the record in this case, the Court granted the Motion to Compel. A corresponding Order was entered on April 26, 2023 ("April 25 Order") pursuant to which the Court, inter alia, directed the Debtor to comply with the Order for Relief and to turn over to the Trustee all requested documents and information within seven (7) days of entry of the Order, i.e., by May 3, 2023. See ECF No. 14. A copy of the April 26 Order was served by FedEx overnight delivery on, among others, the Debtor, its principal, Daniel Naughton, at the address for service of process per the Department of State and its counsel on April 26, 2023. See ECF No. 18 (Affidavit of Service).

3

13.     The Debtor failed to comply with the April 26 Order.

**B.      The Debtor's Motion to Dismiss**

14.     On May 10, 2023, a motion ("Debtor Motion") was filed on behalf of the Debtor seeking dismissal of this Chapter 7 case or, in the alternative, abstention under 11 U.S.C. §§ 305(a) and 707. See ECF No. 15.

15.     The Trustee filed a statement in response to the Debtor Motion which, inter alia, set forth the Debtor's non-compliance with the April 26 Order. See ECF No. 20.

16.     The Petitioning Creditors opposed the Debtor Motion. See ECF No. 22.

17.     At a hearing conducted on June 9, 2023 ("June 9 Hearing"), the Court denied the Debtor Motion without prejudice. The Debtor appeared at the June 9 Hearing through counsel, Patrick Christopher, Esq. ("Christopher"). A corresponding Order was entered by the Court on June 25, 2023 ("June 25 Order"). See ECF No. 25.

18.     On July 14, 2023, a Notice of Appeal of the June 25 Order was filed on behalf of the Debtor. See ECF No. 26. The docket sheet confirms that the Debtor failed to timely perfect its appeal of the June 25 Order.

**C.      The Trustee's First Sanctions Motion**

19.     By letter dated July 18, 2023 ("July 18 Letter"), the undersigned sent a letter to Debtor's counsel, Mr. Christopher, with a copy to the Debtor, in a good faith attempt to resolve the Debtor's contempt of the April 26 Order. No response was received to the July 18 Letter.

20.     By motion dated August 23, 2023 ("First Sanctions Motion"), the Trustee sought entry of an Order finding the Debtor in contempt of the April 26 Order, imposing civil sanctions on the Debtor for its continued non-compliance with the April 26 Order, and granting related relief. See ECF No. 30. Notice of the First Sanctions Motion was served by FedEx overnight

4

delivery and first class mail on, among others, the Debtor, it principal, Daniel Naughton, at the address for service of process per the Department of State, and its counsel, Mr. Christopher, on August 24, 2023. See ECF No. 31 (Affidavit of Service). Objections to the First Sanctions Motion were due by 5:00 p.m. on September 20, 2023. See ECF No. 30. The docket confirms that none were filed with the Court.

21.  On September 27, 2023, the Court conducted a hearing on the First Sanctions Motion. No one appeared at the hearing on behalf of the Debtor. Based on the record in this case, the Court granted the First Sanctions Motion. A corresponding Order was entered on November 21, 2023 pursuant to which, inter alia, the Debtor was sanctioned $1,000 per day effective as of November 27, 2023. See ECF No. 36 ("November 21 Order"). A copy of the November 21 Order was served by FedEx overnight delivery on the Debtor, it principal, Daniel Naughton, at the address for service of process per the Department of State, and its counsel, Mr. Christopher, on November 22, 2023. See ECF No. 40 (Affidavit of Service).

**D.   The Trustee's Second Sanctions Motion**

22.  The Debtor failed to comply with the November 21 Order.

23.  By motion dated January 26, 2024 ("Second Sanctions Motion"), the Trustee sought entry of an Order imposing additional civil sanctions on the Debtor for its continued non-compliance with the April 26 Order, and granting related relief. See ECF No. 41. Notice of the Second Sanctions Motion was served by FedEx overnight delivery and first class mail on, among others, the Debtor, it principal, Daniel Naughton, at the address for service of process per the Department of State, and its counsel, Mr. Christopher, on January 26, 2024. See ECF No. 42 (Affidavit of Service). Objections to the Second Sanctions Motion were due by 5:00 p.m. on February 13, 2024. See ECF No. 41. The docket confirms that none were filed with the Court.

24. On February 20, 2024 the Court conducted a hearing on the Second Sanctions Motion. No one appeared at the hearing on behalf of the Debtor. Based on the record in this case, the Court granted the Second Sanctions Motion. A corresponding Order was entered on March 12, 2024 pursuant to which, <u>inter alia</u>, the Debtor is being sanctioned $5,000 per day effective as of March 15, 2024 and the Debtor was directed to appear in Court on April 17, 2024 at 10:00 a.m. ("<u>April 17 Hearing</u>"). <u>See</u> ECF No. 45 ("<u>March 12 Order</u>"). A copy of the March 12 Order was served by FedEx overnight delivery on the Debtor, it principal, Daniel Naughton, at the address for service of process per the Department of State, and its counsel, Mr. Christopher, on March 13, 2024. <u>See</u> ECF No. 47 (Affidavit of Service).

25. The Trustee and her counsel appeared in Court at the April 17 Hearing. In violation of the March 12 Order, the Debtor failed to appear in Court at the April 17 Hearing.

E.   **The Court's Order Directing Appearance**

26. Based on the record in this case including, <u>inter alia</u>, the Debtor's failure to appear at the April 17 Hearing, on April 24, 2024, the Court issued an Order Directing Appearance ("<u>April 24 Order</u>"). <u>See</u> ECF No. 50. Pursuant to the April 24 Order, the Debtor's principals, Michael H. Naughton and Daniel D. Naughton, were directed to appear before the Court on May 22, 2024 at 10:00 a.m. ("<u>May 22 Hearing</u>") on behalf of the Debtor with the documents and information that the Debtor was required to turn over to the Trustee pursuant the April 26 Order. <u>See id</u>. The April 24 Order expressly provides that "**THE FAILURE OF MICHAEL H. NAUGHTON AND DANIEL D. NAUGHTON TO APPEAR MAY RESULT IN SANCTIONS, INCLUDING ENTRY OF ORDER DIRECTING THE UNITED STATES MARSHAL SERVICE TO BRING MICHAEL H. NAUGHTON AND DANIEL D. NAUGHTON BEFORE THE COURT.**" <u>See id</u>. (emphasis in original).

6

27. A copy of the April 24 Order was served by FedEx overnight delivery on, among others, Michael H. Naughton and Daniel D. Naughton on April 25, 2024. See ECF No. 51 (Affidavit of Service).

28. Counsel to the Trustee appeared in Court at the May 22 Hearing. In violation of the April 24 Order, neither Michael H. Naughton nor Daniel D. Naughton appeared in Court at the May 22 Hearing.

**F.    The Civil Contempt Order**

29. Based on the record in this case including, inter alia, the failure of Michael H. Naughton and Daniel D. Naughton to comply with the Court's April 24 Order, on August 2, 2024, the Court issued a Civil Contempt Order ("August 2 Order"). See ECF No. 55. The August 2 Order provides that, if Michael H. Naughton and Daniel D. Naughton do not purge their contempt of the April 24 Order by 5:00 p.m. on September 4, 2024, the United States Marshals Service is commanded and directed to detain Michael H. Naughton and Daniel D. Naughton. See id.

30. A copy of the August 2 Order was served by FedEx overnight delivery on, among others, Michael H. Naughton and Daniel D. Naughton on August 5, 2024. See ECF No. 57 (Affidavit of Service).

31. Neither Michael H. Naughton nor Daniel D. Naughton purged their contempt of the Court's Orders.

**G.    The 341(a) Meetings**

32. On September 4, 2024, Mr. Christopher sent an email to the Trustee indicating that the Debtor would appear at the 341(a) meeting scheduled for September 24, 2024.

33. Michael H. Naughton and Daniel D. Naughton were examined by the Trustee at a

7

341(a) meeting conducted on September 24, 2024 ("September 24 Meeting"). Mr. Christopher also appeared at the September 24 Meeting. Based on the ongoing contempt of the Debtor, Michael H. Naughton and Daniel D. Naughton, the Trustee expressly reserved all rights. Among other deficiencies, no financial records relating to the Debtor were turned over to the Trustee in advance of or during the September 24 Meeting.

34. During the September 24 Meeting, Mssrs. Naughton testified, inter alia, that the Debtor purchased the Property in 2021, that there were no tenants in the Property, and that there were no leases to the Property. Michael H. Naughton testified that the Debtor is the holding company that owns the Property, and that Camelot Funeral Home operates a funeral parlor at the Property but does not pay any rent to the Debtor. Mssrs. Naughton testified that they each own 50% of Camelot Funeral Home.

35. On October 9, 2024, a 2-page closing statement for Camelot Funeral Home. Inc. and a 2022 federal tax return for Camelot Funeral Home Inc. were uploaded by Mr. Christopher to the Trustee. No other documents or information were turned over to the Trustee.

36. Michael H. Naughton and Daniel D. Naughton were examined by the Trustee at an adjourned 341(a) meeting conducted on October 10, 2024 ("October 10 Meeting"). Mr. Christopher also appeared at the October 10 Meeting. Based on the ongoing contempt of the Debtor, Michael H. Naughton and Daniel D. Naughton, the Trustee expressly reserved all rights.

37. During the October 10 Meeting, Mssrs. Naughton testified, inter alia, that neither the Property nor the business, i.e., Camelot Funeral Home, are currently insured. It is not clear from the testimony at the October 10 Meeting whether the Debtor is operating a funeral home at the Property. What is clear is that the Trustee did not authorize the operation of any business of the Debtor, and the Debtor's continued possession of the Property is not in the best interests of

8

this estate or its creditors.

38. To date, and as the Trustee advised during the October 10 Meeting, neither the Debtor, Michael H. Naughton nor Daniel D. Naughton have purged their contempt of the Court's Orders.

**RELIEF REQUESTED AND BASIS FOR RELIEF**

39. By this Motion, the Trustee seeks entry of an Order: (a) directing the immediate turnover of the Property to the Trustee; and (b) granting the Trustee such other and further relief as the Court may deem just and proper.

40. Section 521 of the Bankruptcy Code sets forth a non-exhaustive list of the duties of a debtor in a bankruptcy case. Those duties include a requirement to "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under the title[.]" 11 U.S.C. § 521(3). Debtors are also required to "surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate[.]" 11 U.S.C. § 521(4).

41. Pursuant to section 541 of the Bankruptcy Code, property of the estate includes "[p]roceeds . . . of or from property of the estate[.]" 11 U.S.C. § 541(6). Pursuant to section 542 of the Bankruptcy Code, "an entity . . . in possession, custody, or control, during the case, of property that the trustee may use . . . shall deliver to the trustee, and account for such, property or the value of such property, unless such property is of inconsequential value or benefit to the estate." 11 U.S.C. § 542(a).

42. Pursuant to section 323(a) of the Bankruptcy Code, the Trustee is the only party authorized to act on behalf of the Debtor's estate. See 11 U.S.C. § 323(a). Pursuant to section 704 of the Bankruptcy Code, the Trustee is required to, inter alia, "collect and reduce to money

9

the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest." See 11 U.S.C. § 704(a)(1).

43. Pursuant to section 105(a) of the Bankruptcy Code, the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105.

44. The Property appears to be the Debtor's most significant asset that can be administered for the benefit of the estate and its creditors. The Debtor and its principals have failed to comply with multiple Orders of this Court, and daily sanctions continue to accrue. No schedules have been filed with the Court, and none of the documents or information the Debtor was ordered to turnover to the Trustee have been turned over. The Debtor's continued possession of the Property is detrimental to and interfering with the Trustee's administration of this estate and, based on the record in this case, the Court should direct the immediate turnover of the Property to the Trustee.

45. In the event the Court grants the foregoing relief and the Debtor fails to comply with the Order of the Court, the Trustee requests that she be authorized to utilize the assistance of the U.S. Marshal to facilitate the Debtor's removal from the Property including, but not limited to, removing the Debtor, its principals and any other party that interferes with the Trustee's access to the Property and utilizing a locksmith to change and/or break the locks in order to enable access to the Property.

46. The Trustee submits that the relief requested herein is appropriate and in the best interests of the estate and its creditors.

## NOTICE AND NO PRIOR REQUEST

47. By separate application, the Trustee will seek entry of an Order scheduling a

hearing on shortened and limited notice of this Motion.

48. No prior request for the relief requested in this Motion has been made to this or any other Court.

**WHEREFORE,** the Trustee respectfully requests that this Court enter an Order: (i) directing the immediate turnover of possession of the Property to the Trustee; and (ii) granting the Trustee such other and further relief as the Court may deem just and proper.

Dated: October 11, 2024
      Wantagh, New York

                              **LaMONICA HERBST & MANISCALCO, LLP**
                              Counsel to Marianne T. O'Toole, as Chapter 7 Trustee

By: *s/ Holly R. Holecek*
     Holly R. Holecek
     A Partner of the Firm
     3305 Jerusalem Avenue, Suite 201
     Wantagh, New York 11793
     Telephone: (516) 826-6500

11